UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>c/o United States Attorney's Office<br>555 Fourth St., N.W.<br>Washington, D.C.   20530<br><br>                        **Plaintiff,**<br><br>            v.<br><br>**$11,000.00 IN U.S. CURRENCY SEIZED ON<br>OR ABOUT JANUARY 7, 2016, IN<br>PHILADELPHIA, PA, and**<br><br>**$241.65 in U.S. CURRENCY SEIZED ON OR<br>ABOUT JANUARY 7, 2016 IN<br>PHILADELPHI, PA.**<br><br>                        **Defendants.** | )<br>)     Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

*COMES NOW*, plaintiff, the United States of America, by and through its attorney, the United States Attorney for the District of Columbia, to bring this verified complaint in a civil action *in rem* to condemn and forfeit the above-listed defendants ("defendant funds"), to the use and benefit of the United States of America in accordance with Supplemental Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules").  In support of its cause, plaintiff states as follows:

### NATURE OF THE ACTION AND DEFENDANT *IN REM*

1.      This is a civil action *in rem* for the forfeiture of the defendant funds to the use and benefit of the plaintiff, the United States.  Pursuant to 21 U.S.C. § 853(a), property is subject to civil forfeiture if it is, if it is "moneys, negotiable instruments, securities, or other things of value

furnished or intended to be furnished by any person in exchange for a controlled substance . . . , all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate" any violation of the Controlled Substances Act, as amended, codified at 21 U.S.C. § 801, *et seq.*

## The Defendant *In Rem*

2. The defendant funds are a quantity of U.S. currency in the total amount of $11,241.65, which the Federal Bureau of Investigation ("FBI") seized on or about January 7, 2016, upon the execution of a search warrant at the Hilton Garden Inn, Room 923, 1110 Arch Street, Philadelphia, PA; and the arrest of Ra'Sonne Bell ("Bell") in Philadelphia, PA.  Defendant $11,000 was recovered from the above-listed hotel room.  Defendant $241.65 was seized from Ra'Sonne Bell's person after he was arrested.  The defendant funds are described as follows:

  (a) **$11,000.00 in U.S. Currency seized by law enforcement on or about January 7, 2016, from Room 923, 1110 Arch Street, Philadelphia, PA (Asset I.D. No. 16-FBI-001726); and**

  (b) **$241.65 in U.S. Currency seized by law enforcement on or about January 7, 2016, from the person of Ra'sonne Bell in Philadelphia, PA (Asset I.D. No. 16-FBI-001727).**

The defendant funds are in the custody of the United States Marshal's Service and were placed in the Seized Asset Deposit Fund in Washington, DC.  After the seizure, the FBI commenced procedures for the defendant funds' forfeiture by a non-judicial, administrative process.  The FBI uses Seizure No. 3920-16-F-0101 and Asset I.D. No. 16-FBI-001726, to identify defendant $11,000, and Seizure No. 3920-16-F-0100, and Asset I.D. No. 16-FBI-001727, to identify the defendant $241.65.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction of this civil action by virtue of 28 U.S.C. § 1345, because it has been commenced by the United States, and by virtue of 28 U.S.C. § 1355(a), because it is an action for the recovery and enforcement of a forfeiture under an Act of Congress. Venue is proper in this District because this is a forfeiture action or proceeding by virtue of 28 U.S.C. § 1355(b)(1)(A), because this is a forfeiture action or proceeding brought in "the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred" and by virtue of 28 U.S.C. § 1395(b)(1), because "a civil proceeding for the forfeiture of property may be prosecuted in the district in which the property is found." In this matter, there were acts giving rise to the forfeiture that occurred in this District and the defendant property is now, and during the pendency of this action, has been in the jurisdiction of this Court.

4. This civil action *in rem* for forfeiture is governed by 21 U.S.C. § 881, 18 U.S.C. § 983, the Federal Rules of Civil Procedure, and the Supplemental Rules, particularly Rule G.

## **PROBABLE CAUSE**

### **Background**

5. In the fall of 2014, FBI/Metropolitan Police Department ("MPD") task force members began an investigation into the alleged drug trafficking activities of Ra'Sonne Bell and others. Early in the investigation, task force members purchased various amounts of suspected cocaine from a local cocaine trafficker in the District of Columbia.

6. As part of the investigation, law enforcement agents were authorized by the Honorable Tanya S. Chutkan of the District Court for the District of Columbia to intercept wire and electronic communications of several individuals, including those of Bell.

7. During the week of January 4, 2016, the FBI obtained information from a confidential source that on or about January 7, 2016, Bell would receive a shipment of narcotics by courier. It was also learned that Bell would arrange with Danny Gay ("Gay") to transport both Bell and the narcotics to Maryland and the District for further distribution.

8. As part of the investigation, law enforcement agents learned that Bell had been working in Philadelphia, PA, and staying over most weeknights at the Hilton Garden Inn, located at 1110 Arch Street, Philadelphia, PA. Law enforcement agents also learned that Bell also traveled back and forth between the District of Columbia and Philadelphia to facilitate narcotics transactions and to meet with other members of a narcotics conspiracy.

9. On January 7, 2016, law enforcement officers began surveillance in the area of the Hilton Garden Inn on Arch Street in Philadelphia. Bell was seen leaving Room 923 and then returning. When Bell returned, he was accompanied by an unknown female, who was carrying a large pinkish shoulder bag. Bell and the female left the room at 2:14 p.m.; the female carried the shoulder bag when she left.

10. At approximately 3:50 p.m. a white Toyota Tundra pick-up truck parked on the south side of the 1100 block of Arch Street in Philadelphia, near the entrance to the Hilton Garden Inn. The driver of the Toyota Tundra was later identified as Gay; he remained in the driver's seat. At approximately 4:24 pm., Bell drove his Mercedes sedan into a parking garage located above the Hilton Garden Inn and parked.

11. At approximately 4:28 p.m. Bell approached the driver's side door of the Toyota Tundra. Gay got out of the truck and both Bell and Gay entered the lobby of the Hilton Garden Inn. Law enforcement agents did not see either Bell or Gay carrying any bags.

12. At approximately 4:36 p.m., law enforcement agents observed Gay and Bell enter Room 923 without any bags. At approximately 4:39 p.m., both Bell and Gay left Room 923. At that time, law enforcement agents observed Bell carrying a black duffel bag.

13. At approximately 4:44 p.m., according to law enforcement agents, Bell and Gay were seen leaving the hotel lobby and getting into the Toyota Tundra. Gay got into the front passenger seat. Bell placed the black duffel bag behind the driver's seat and got in the driver's seat and drove off.

14. A Philadelphia Police Officer initiated a traffic stop in the 1000 block of Race Street, based on probable cause of drug activity. At approximately 5:15 p.m., K9 Jake and his handler arrived at the location of the stop. K9 Jake positively alerted his handler to a detection of narcotics on the left and right doors to the truck. During a search of the interior passenger compartment of the truck, a law enforcement officer located a large black duffel bag on the back seat behind the driver's seat. Located under the duffel bag was a box of heat sealable plastic bags. Inside of the duffle bag were three off-white rectangular shaped objects, each in a heat sealed plastic bag consistent with narcotics packaging (hereinafter referred to as "Items #1 through #3").

15. According to law enforcement agents, Items #1 and #2 were each: off-white, rectangular shaped and solid, wrapped in clear plastic wrap and sealed inside of a heat-sealed plastic bag. Item #1 and Item #2 looked consistent with the appearance of a kilogram of cocaine. Item #3 was off-white, rectangular shaped and solid, wrapped in clear plastic wrap and sealed inside of a heat-sealed plastic bag. Item 3 looked consistent with the appearance of bulk heroin. All three items were transported to the FBI Philadelphia office for processing. Items #1 and #2

field tested positive for the presence of cocaine and weighed 1066.75 grams and 1110.70 grams, respectively.  Item #3 tested positive for the presence of heroin and weighed 295.25 grams.

16.  Bell and Gay were placed under arrest for conspiracy to distribute cocaine and heroin in violation of Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(A)(i). Subsequent searches incident to arrest revealed that Gay had $3,470.25 on his person and Bell had $241.65 on his person ("defendant funds").

17.  A federal search warrant was executed on Room 923 at the Hilton Garden Inn. Law enforcement agents recovered $11,000 in U.S Currency ("defendant funds") and 50 grams of suspected heroin.

18.  In February 2016, a computerized check of employment records was conducted with the States of Maryland and Virginia regarding Bell and Gay.  The records showed that Bell had worked for a hotel from 2009 to 2014, earning approximately $40,000 per year.  In addition, from 2011 to 2014, Bell also worked for a healthcare company earning approximately $64,000 per year.  In 2014, he also worked for six months for a maintenance company and earned $15,385. The last employment that was notated ended in June 2015, and indicated that Bell earned $24,217 that year.  The records showed that Gay was last employed at a supermarket from January 2015 to June 2015, earning $2,085 that year.

19.  On January 12, 2016, a grand jury sitting in the District Court for the District of Columbia returned an indictment, charging Gay with conspiracy to distribute and possess with the intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a schedule II controlled substance and 100 grams of a mixture and substance containing a detectable amount of heroin, a schedule I controlled substance, in violation of Title

21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(i) and (ii).  That same grand jury returned an indictment against Bell charging him with conspiracy to distribute and possess with the intent to distribute 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, a schedule II controlled substance and 1 kilogram of a mixture and substance containing a detectable amount of heroin, a schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(i) and (ii).

20. After the defendant funds were seized, the FBI began procedures to forfeit the defendant funds to the United States government by an administrative (non-judicial) process, and the FBI gave notice of the forfeiture proceedings to Gay and Bell.

21. On April 14, 2016, the FBI received a claim of interest in the defendant funds from Ra'Sonne Bell's attorney, signed under penalty of perjury by Ra'Sonne Bell.  Bell claim states in part that, "I legitimately earned through simultaneous full-time employment and operation of a cleaning service the government seized assets labeled by the FBI as 16-FBI-001727 ($241.65) and 16-FBI-001726 ($11,000).

22. Upon receiving Bell's claim, the FBI halted administrative forfeiture proceedings and referred the matter to the United States Attorney for the District of Columbia to commence a civil forfeiture action through the judicial process.

## COUNT I

23. All statements and averments made in paragraphs 1-22 are re-alleged and incorporated, herein, by reference.

24. The defendant funds constituting defendant $11,000 in U.S. currency seized by law enforcement on or about January 7, 2016, from Room 923, 1110 Arch Street,

Philadelphia, PA (Asset I.D. No. 16-FBI-001726); and $241.65 in U.S. Currency seized by law enforcement on or about January 7, 2016, from the person of Ra'sonne Bell in Philadelphia, PA (Asset I.D. No. 16-FBI-001727), are moneys, negotiable instruments, securities or other things of value furnished or intended to be furnished by a person in exchange for a controlled substance, proceeds traceable to such an exchange, or moneys, negotiable instruments, or securities used or intended to be used to facilitate a violation of 21 U.S.C. § 801, *et seq*.

25. As such, the defendant funds are subject to forfeiture in the United States.

**WHEREFORE**, the plaintiff prays that, as to the above-referenced defendant funds, due process issue according to law; that, pursuant to law, notice be provided to all interested parties to appear and show cause why the forfeiture should not be decreed and defendant funds be condemned as forfeited to the United States of America; and for such other and further relief as this Court may deem just, necessary and proper.

Respectfully submitted,

CHANNING D. PHILLIPS
UNITED STATES ATTORNEY

 */s/ Arvind K. Lal*
ARVIND K. LAL, D.C. Bar No. 389496
Assistant United States Attorney
Chief, Asset Forfeiture and Money Laundering Section

 */s/ Diane G. Lucas*
DIANE G. LUCAS, D.C. Bar No. 443610
Assistant United States Attorney
Asset Forfeiture and Money Laundering Section
555 4th St., N.W., Room 4822
Washington, D.C. 20530
(202) 252-7724
Diane.Lucas@usdoj.gov

## **VERIFICATION**

I, Special Agent Bridget Cox, a Special Agent with the Federal Bureau of Investigation, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing Verified Complaint for Forfeiture *In Rem* is based upon reports and information known to me or furnished to me by law enforcement agents and that everything contained in this Complaint is true and correct.

Executed on this 24th day of June, 2016.

                                                                              */s/ Bridget Cox*
                                                                              Special Agent Bridget Cox
                                                                              Federal Bureau of Investigation